W. W. WESTER and A. J. McMULLIAN, *Plaintiffs in Error,* v. R. E. McNEILL and M. M. FOXWORTH, *Defendants in Error.*

Special Division A.

Decision filed February 19, 1931.

Petition for rehearing denied April 26, 1931.

*James H. Finch,* for Plaintiffs in Error;

*J. L. Blackwell,* for Defendants in Error.

PER CURIAM.—This cause having been heretofore submitted to the court upon the transcript of the record of the judgment herein and briefs and arguments of counsel for the respective parties, and the court being now advised of its judgment to be given in the premises, it is considered, ordered and adjudged by the court that the said

judgment of the Circuit Court be, and the same is, hereby affirmed.

STRUM, C.J., AND WHITFIELD AND BUFORD, J.J., concur.

ON PETITION FOR REHEARING.

En Banc.

Opinion filed April 24, 1931.

Judgment found excessive and reversed unless remittitur entered within thirty days.

A writ of error to the Circuit Court for Suwannee County; Hal W. Adams, Judge.

*James H. Finch,* for Plaintiffs in Error;

*J. L. Blackwell,* for Defendants in Error.

PER CURIAM.—This suit grew out of a real estate transaction in which the plaintiffs in error were purchasers and defendants in error acted as brokers. The declaration is based upon two separate contracts involving the same transaction. Under one contract the plaintiffs claim to be entitled to $2,000.00 commission and under a subsequent contract they claimed to be entitled to $1,000 commission, although it is alleged that the agreement to accept $1,000.00 compensation for their services was a compromise agreement conditioned upon being accepted at a certain time.

It developed during negotiations between the parties that McNeill and Foxworth could not deliver all of the property the sale of which was contemplated; that there was a shortage in value of several thousand dollars. The record also shows that Wester and McMullian were unwilling to purchase the property after the shortage was discovered. McNeill was Receiver for the property. The property was sold under order of court and was bid in by Wester and McMullian with an agreement at the time that it would be reconveyed to G. C. Mills.

It appears to us from the record that all the parties at the time of the sale realized that the deal first contemplated could not be carried out and that it was not expected at the time of the sale by either of the parties that McMullian and Wester would be required to pay to McNeill and Foxworth the full sum of $2,000.00. Immediately after the sale it appears that Wester proposed to McNeill that they then decide between themselves what should be paid by Wester and McMullian to McNeill and Foxworth for services rendered in the transaction and that McNeill and Wester then and there agreed that they would leave the settlement of that matter to an agreement to be made between Foxworth and McMullian. Foxworth and McMullian drew apart and discussed the matter and returned announcing that it was agreed that Wester and McMullian would pay McNeill and Foxworth $1,000.00 which was to be paid by the following Saturday. It is nowhere shown in the record that there was any agreement that if the $1,000.00 was not paid by the following Saturday then Wester and McMullian should be liable for $2,000.00, but it appears that the definite amount agreed upon between the parties to be paid was $1,000, which obligation was to mature on the following Saturday.

Judgment was for the plaintiffs in the sum of $2,000.00.

We find no reversible error in the record except in the amount of the judgment.

If within thirty days after the filing of the mandate in the trial court the plaintiff will enter a remittitur of $1,000.00 of the amount, the judgment will stand affirmed as of the date thereof for $1,000.00. Otherwise, the judgment, is reversed for a new trial. Petition for rehearing is denied. It is so ordered.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.